UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RAUL ROBLES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 06-40025-FDS |
| ) | |
| **STEVEN O'BRIEN,** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER
ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

Pending before the Court is petitioner Raul Robles's request for a Certification of Appealability ("COA"). Robles seeks a COA to allow him to appeal this Court's order of December 19, 2006, dismissing his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2254. For the reasons stated below, the request for a COA will be denied.

**I.      Background**

On January 16, 1992, a jury convicted Robles of first-degree murder, armed robbery, and unlawful carrying of a firearm. He was given a life sentence on the murder and armed robbery charges and a four-to-five year sentence on the firearm charge, all to be served concurrently. *See Commonwealth v. Robles*, 423 Mass. 62, 63-64 (1996). The Massachusetts Supreme Judicial Court affirmed the convictions on June 25, 1996.

Robles filed a motion for a new trial on February 23, 1998. The Hampden Superior Court denied the motion on March 13, 1998. Six years later, on March 22, 2004, Robles filed a second motion for a new trial in the Superior Court. Again, the motion was denied. Robles then

filed an application for leave to pursue an appeal with a single justice of the Supreme Judicial Court. The single justice denied Robles's petition on August 5, 2005. Robles sought to appeal the denial, but his appeal was dismissed by the Supreme Judicial Court on December 13, 2005 because a single justice's decision is considered "final and unreviewable." *Commonwealth v. Robles*, 445 Mass. 1022 (2005). The petition for a writ of habeas corpus was filed in this Court on January 30, 2006. Respondent Steven O'Brien moved to dismiss the petition as time-barred under 28 U.S.C. § 2254(d).

**II.     Analysis**

**A.     Dismissal of Habeas Petition**

In a Memorandum and Order dated December 19, 2006, this Court granted respondent's motion to dismiss. As the Court explained, effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In addition, equitable tolling of the

AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

The Court noted that the Massachusetts Supreme Judicial Court affirmed Coonan's convictions on June 25, 1996. His convictions became final ninety days thereafter, on September 23, 1996, when his opportunity to seek certiorari expired. Accordingly, he was required to file his habeas petition by September 23, 1997. He did not commence his habeas action in this Court until January 30, 2006, more than nine years after his conviction became final. Although he commenced post-appeal litigation in the state courts during that time, he did not file his motion for a new trial until February 23, 1998. By then, the AEDPA limitations period had already expired. While the limitations period is tolled during the pendency of properly filed post-conviction state court litigation, the AEDPA clock is not reset or restarted when the limitations period has already expired. *Cordle*, 428 F.3d at 48 n.4. Moreover, Robles did not establish any reason why the limitations period should not apply. *See id.* at 48 (recognizing that petitioner bears the burden of establishing a basis for equitable tolling).

In sum, the Court dismissed Robles's habeas petition because he failed to file within the time period permitted by the AEDPA, and because he did not make any showing that this failure was due to extraordinary circumstances or circumstances beyond his control.

### B. Request for COA

Robles now seeks a COA allowing him to appeal the dismissal of his petition. A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead,

such a petitioner must first seek and obtain a COA from a circuit justice or judge.  28 U.S.C. § 2253(c).  By local rule, in the First Circuit,  "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability."  First Circuit Local Rule 22.1(b).  Ordinarily, the Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused the writ is available, unless an application has first been made to the district court judge."  *Id.*

The United States Supreme Court has indicated that where—as here—"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Supreme Court has further instructed that the two prongs of this analysis—one directed at the underlying constitutional claims and the other at the procedural holding—are "part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  *Id.* at 485.

In the present case, the Court concludes, for the reasons set forth in its Memorandum and Order dismissing the petition and recounted above, that reasonable jurists could not find that its dismissal of Robles's habeas petition as time-barred was incorrect or debatable.  Accordingly, the request for a COA will be denied.

### III.     Conclusion

For the foregoing reasons, the request for a Certificate of Appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: July 19, 2007